UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| 1) | LYNDA DANFORD, | ) |
| | | ) |
| | Plaintiff, | ) |
| | | ) |
| v. | | ) Case No.: CIV-14-1315-L |
| | | ) *(formerly Cleveland County District* |
| 2) | PROGRESSIVE CASUALTY | ) *Court Case No. CJ-2014-1328)* |
| | INSURANCE COMPANY and | ) |
| 3) | PROGRESSIVE DIRECT | ) |
| | INSURANCE COMPANY, | ) |
| | | ) |
| | Defendants. | ) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants, Progressive Casualty Insurance Company and Progressive Direct Insurance Company ("Defendants"), hereby remove the above-captioned action from the District Court of Cleveland County, State of Oklahoma, to this court.  Pursuant to LCvR 81.2(a), a copy of the State Court docket sheet as well as all documents filed or served in the State Court action are attached hereto as **EXHIBITS 1-3**. Defendants have neither received nor filed other pleadings or papers in this case.

The removal of this case to Federal Court is based on the following:

### FACTUAL BACKGROUND

1.     Plaintiff, Lynda Danford ("Plaintiff"), commenced this action against Defendants in the District Court of Cleveland County, State of Oklahoma (Case No: CJ-2014-1328), on October 24, 2014.  (*See* Petition, attached as **EXHIBIT 2**.)

2.      Plaintiff alleges that on December 24, 2013, she was involved in an automobile accident with non-party Michael Wade Miller ("Miller").  (*See* Petition, ¶5, **EXHIBIT 2**.)

3.      According to Plaintiff, at the time of said accident, Miller was an underinsured motorist.  (*See* Petition, ¶6, **EXHIBIT 2**.)

4.      Plaintiff further alleges that at the time of said accident, she was insured under a policy issued by Defendant Progressive Casualty Insurance Company, Policy No. 628141792, which provided underinsured motorist coverage in the amount of $100,000.00 per person per occurrence.[1]  (*See* Petition, ¶9, **EXHIBIT 2**.)

5.      Plaintiff asserts that as a result of the subject accident she sustained injuries and damages and subsequently notified Defendant Progressive Casualty Insurance Company that she may make a claim for uninsured/underinsured motorist benefits.  (*See* Plaintiff's Petition, ¶¶ 7 & 10, **EXHIBIT 2**.)

6.      Plaintiff also alleges that after submission of her medical specials, Defendant Progressive Casualty Insurance Company made multiple offers to resolve her uninsured/underinsured motorist claim.  (*See* Petition, ¶¶ 11, 12 & 16(d), **EXHIBIT 2**.)

---

[1] Although Plaintiff names both Progressive Casualty Insurance Company and Progressive Direct Insurance Company as Defendants in this lawsuit, Plaintiff's Petition only alleges a cause of action against Progressive Casualty Insurance Company. (*See* Petition, Introductory Paragraph, **EXHIBIT 2**.)  Plaintiff's Petition also incorrectly asserts that Progressive Casualty Insurance Company issued the automobile insurance policy at issue. In fact, Progressive Direct Insurance Company issued the subject policy.  (*See* Declarations Page, **EXHIBIT 4**; Correspondence from Progressive to J. Hicks, dated August 6, 2014, **EXHIBIT B** to Plaintiff's Petition; Correspondence from Progressive to J. Hicks, dated September 11, 2014, **EXHIBIT D** to Plaintiff's Petition.)

7.     Despite these offers, Plaintiff claims Defendant Progressive Casualty Insurance Company breached its contract with Plaintiff as well as the implied duty to act in good faith. (*See* Petition ¶¶ 5-42, **EXHIBIT 2**.)

8.     According to Plaintiff, as a result of Defendant Progressive Casualty Insurance Company's alleged breach of contract, she has "suffered damages in the amount of $500,000.00, plus attorney's fees, costs and interest." (*See* Petition, ¶42, **EXHIBIT 2**.)

9.     Plaintiff also asserts that as a result of Defendant Progressive Casualty Company's alleged bad faith, she has suffered damages "in excess of the amount require for diversity jurisdiction under 28 U.S.C. 1332 (currently $75,000.00) plus interest, costs and all such other and further relief for which should be awarded as judgment against Defendant Progressive in an amount to fully and fairly compensate Plaintiff for each and every element of damages that have been suffered." (*See* Petition, ¶35, **EXHIBIT 2**.)

10.     Finally, Plaintiff "seeks punitive damages against Defendant for its action/inactions in this matter." (*See* Petition, ¶ 36, **EXHIBIT 2**.)

## COMPLETE DIVERSITY EXISTS

11.     "'Federal Courts are courts of limited jurisdiction. They possess only the power authorized by the Constitution and statute . . .'" *Rasul v. Bush*, 542 U.S. 466, 489 (2004) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). For a federal court to have jurisdiction over a case or controversy, there must exist a federal question or diversity jurisdiction. At the time the Petition was filed, federal question

jurisdiction did not exist.  Specifically, there were no allegations that the Constitution or any federal statute had been violated (*See* Petition, **EXHIBIT 2**.)

12.     However, as of the moment Plaintiff filed her Petition, diversity of jurisdiction existed.  (*See* Petition,¶¶ 1 & 2, **EXHIBIT 2**.)  As of the date Plaintiff filed her Petition, pursuant to 28 U.S.C. § 1332 (a)(2), this action is a civil action over which this Court has original jurisdiction.  It is between citizens of different states and the amount in controversy exceeds $75,000.00, exclusive of interests and costs.

13.     At the time of filing, the relevant time period, upon information and belief, Plaintiff was a resident and citizen of the state of Oklahoma.  (*See Groupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567 (2004)(stating that jurisdiction depends upon the state of things at the time of filing).  Plaintiff was not a citizen of the state of Ohio.  (*See* Petition, ¶1, **EXHIBIT 2**; Declarations Page, **EXHIBIT 4**.)

14.     For purposes of removal under 28 U.S.C. § 1441, a corporation shall be deemed to be a citizen of any State by which it has been incorporated and the State where it has its principal place of business.  28 U.S.C. § 1332(c).  While Congress never exactly defined a "principal place of business," the Supreme Court has held that a corporation's principal place of business is presumed to be the place of the corporation's "nerve center." *Hertz Corp. v. Friend*, 130 S. Ct. 1181 (2010).

15.     At the time of filing, Progressive Casualty Insurance Company was a foreign corporation, incorporated under the laws of the state of Ohio with its "nerve center" or "principal place of business" in Ohio.  Progressive Casualty Insurance Company was not a

citizen of the state of Oklahoma.  (*See* Annual Statement of Progressive Casualty Insurance Company, **EXHIBIT 5**.)

16.    At the time of filing, Progressive Direct Insurance Company was a foreign corporation, incorporated under the laws of the state of Ohio with its "nerve center" or "principal place of business" in Ohio.  Progressive Direct Insurance Company was not a citizen of the state of Oklahoma.  (*See* Annual Statement of Progressive Direct Insurance Company, **EXHIBIT 6**.)

17.    As Plaintiff and Defendants are citizens of different states, 28 U.S.C. § 1332's diversity requirement of is met.

### THE AMOUNT IN CONTROVERSY EXCEEDS THAT REQUIRED BY 28 U.S.C. § 1332 FOR DIVERSITY JURISDICTION

18.    Diversity of jurisdiction also requires the removing party demonstrate that the amount in controversy exceeds $75,000.00.  *See* 28 U.S.C. § 1332.  In the present case, this requirement is also met.

19.    The Tenth Circuit Court of Appeals has explained "[t]he right of removal depends upon the case disclosed by the pleadings when the petition therefore is filed." *Woerter v. Orr*, 127 F.2d 969 (10th Cir. 1942).  As disclosed by the pleadings, Plaintiff is seeking in excess of $75,000.00.

20.    Specifically, Plaintiff is seeking damages "in a sum in excess of the amount required for diversity jurisdiction under 28 U.S.C. 1332 (currently $75,000.00) plus attorney's fees, interest, costs, punitive damages and all such other and further relief as to which Plaintiff may be entitled."  (*See* Petition, p.7, **EXHIBIT 2**.)

21.     Furthermore, as a result of Defendant Progressive Casualty Insurance Company's alleged breach of contract, Plaintiff claims she has "suffered damages in the amount of $500,000.00, plus attorney's fees, costs and interest." (*See* Petition, ¶42, **EXHIBIT 2**.)

22.     Therefore, based on the foregoing, the amount in controversy requirement is met.

### REMOVAL TO THIS COURT IS TIMELY AND APPROPRIATE

23.     Pursuant to 28 U.S.C § 1446(b), this Notice of Removal is timely filed with this Court.  Specifically, it has not been 30 days since Defendants were served with this lawsuit. (*See* Summons issued to Progressive Casualty Insurance Company received by the Oklahoma Insurance Department on November 10, 2014, **EXHIBIT 7**; Summons issued to Progressive Direct Insurance Company received by the Oklahoma Insurance Department on November 14, 2014, **EXHIBIT 8**.)

24.     Additionally, pursuant to the same federal statute, one year has not elapsed since the commencement of this action. (*See* Petition, filed on October 24, 2014, **EXHIBIT 2**.)

25.     Lastly, this Notice of Removal has been removed to the proper federal district court.  The pertinent language of 28 U.S.C. § 1446(a) provides that the defendant shall file the Notice of Removal in "The District Court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a).  Currently, this action is pending in the District Court of Cleveland County, State of Oklahoma.  The Western District of

Oklahoma includes the County of Cleveland County.  *See* 28 U.S.C. § 116(c).  Therefore, removal to this Court is proper.

26.    Pursuant to 28 U.S.C. § 1446(d), Defendants will serve written notice of the filing of this Notice of Removal upon Plaintiff, and Defendants have filed a copy of the Notice of Removal with the Clerk of the District Court in and for Cleveland County, State of Oklahoma.

WHEREFORE, Defendants Progressive Casualty Insurance Company and Progressive Direct Insurance Company, remove this action from the District Court in and for Cleveland County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

s/ Brad L. Roberson
Brad L. Roberson, OBA No. 18819
Erin J. Rooney, OBA No. 31207
PIGNATO, COOPER, KOLKER
  & ROBERSON, P.C.
Robinson Renaissance Building
119 North Robinson Avenue, 11th Floor
Oklahoma City, Oklahoma 73102
Telephone:   405-606-3333
Facsimile:     405-606-3334
Email: brad@pclaw.org
          erin@pclaw.org
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on November 25, 2014, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

Jason M. Hicks, Esquire

I hereby certify that on November 25, 2014, I served the same document by U.S. Postal Service on the following who is not a registered participant of the ECF system:

Ms. Rhonda Hall, Court Clerk
Cleveland County Courthouse
200 South Peters Avenue
Norman, Oklahoma 73069

s/ Brad L. Roberson
For the Firm